```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

SHERILLE S. HARRIS,            )
                               )
         Plaintiff,            )
                               )
    v.                         )      No. 4:06 CV 700 DDN
                               )
JOHN E. POTTER,                )
POSTMASTER GENERAL,            )
UNITED STATES POSTAL SERVICE,  )
                               )
         Defendant.            )

## MEMORANDUM

This matter is before the court on the motion of defendant John E. Potter, Postmaster General, to dismiss. (Doc. 14.) The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 24.) A hearing was held on November 1, 2006.

### I. Background

Plaintiff Sherille S. Harris brought this action for racial and gender discrimination under Title VII of the Civil Rights Act against defendant John E. Potter, Postmaster General of the United States Postal Service. (Doc. 1.) In her complaint, plaintiff alleges that she timely filed a complaint with the Equal Employment Opportunity Commission (EEOC), received a right to sue letter on February 15, 2006, and filed this suit within 90 days of that receipt, on April 28, 2006.

In the instant complaint, plaintiff alleges that she has been employed by defendant as a postal clerk, and she was the only African American female at the Maryland Heights, Missouri, Post Office in 1998, when Tara Fowler was her supervisor. Plaintiff alleges that in 1998, Fowler deleted her time clock punches. She alleges that in 2000, Fowler moved her work repeatedly and disallowed plaintiff a paid lunch break. Fowler also allegedly made plaintiff leave the post office on many occasions, one time grabbing her arm and yelling racist language at her. Plaintiff alleges she was suspended from work for seven days due to incidents with Fowler, as well as 30 days because Fowler did not believe

she missed work for her son's doctor's appointment.  After plaintiff filed a grievance, she alleges Fowler harassed her.

Plaintiff alleges that her new supervisor, Karla Rose, denied her a promotion that she was entitled to, and that Rose said "I don't get mad, I get even."  Plaintiff alleges she complained about the treatment but only received fewer work hours.  About one time per month, Rose would treat plaintiff in a hostile manner.  Plaintiff was the only African American at that Post Office during this time.  She alleges that Diane Hubbard, a manager, knew about plaintiff's treatment and did nothing to prevent it.  Plaintiff alleges that white males were given jobs and hours she was entitled to.

## II. Procedural Background

Title VII provides that personnel actions affecting federal government employees be free of "any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a). Generally, Title VII provides for federal judicial actions to vindicate allegations of unlawful discrimination, but only after federal administrative remedies are exhausted with respect to the claims to be brought in court.  Id. § 2000e-16(c); Watson v. O'Neill, 365 F.3d 609, 614 (8th Cir. 2004).

Plaintiff has filed charges of discrimination with the Equal Employment Opportunity Commission on three previous occasions and this is her third lawsuit based on federal employment discrimination.

1. EEOC Complaints

The first EEOC complaint alleged race, color and sex discrimination, specifically that (1) in 2001, supervisor Tara Fowler denied her breaks on various occasions, (2) on April 30, 2001, Fowler made derogatory remarks about her, and (3) on August 24, 2001, Fowler made her perform various jobs. (Doc. 16 Ex. D.)  An Administrative Law Judge (ALJ) found that plaintiff had not been discriminated against, and plaintiff received her Notice of Final Action on June 13, 2003.  The Office of Federal Operations (OFO) denied plaintiff's appeal as being

untimely on January 30, 2004, and notified her of her right to sue within 90 days. (Doc. 16 Ex. E.)

Plaintiff's second EEOC complaint was filed on January 15, 2002. (Doc. 16 Ex. G.) She alleged she was "harassed and treated differently" by Fowler and cited an incident on January 15, 2002, when Fowler moved Harris's work to another area. The ALJ found no discrimination, and the OFO dismissed plaintiff's appeal as untimely on June 3, 2005, and notified plaintiff of her right to sue. (Doc. 16 Ex. K.)

Plaintiff's third EEOC complaint was filed on January 2, 2005. She alleges race, color, sex, and disability discrimination. She charged that Karla Rose reduced her work hours by scheduling two white males to work the hours she was originally scheduled to work. (Doc. 16 Ex. Q.)

2. Federal Lawsuits

Plaintiff has brought three judicial actions in this court pertaining to the above described complaints. Plaintiff commenced her first action on June 17, 2004 (Cause No. 4:04 CV 753 CEJ). Her allegations included claims from her first and second EEOC complaints. Specifically, she alleges claims of discrimination under Title VII, based on race, because Fowler moved her to another work area.

The court entered judgment against plaintiff on September 30, 2004. In its order, the court found the 2001 allegations against Tara Fowler were time-barred because of plaintiff's failure to commence suit within 90 days after the January 30, 2004 OFO decision. The court further found that these allegations were without merit and not of the severity or frequency to constitute discrimination, even if the claims were not time-barred. Similarly, the court found the January 15, 2002 alleged acts by Fowler, that she moved plaintiff to a different work area, did not rise to the level of discrimination.

While the first lawsuit was pending, plaintiff brought a second suit in this court on November 10, 2005 (Cause No. 4:05 CV 2109 CEJ). Plaintiff alleged that supervisors Tara Fowler and Diane Hubbard made false affidavits, and again alleged the January 15, 2002 discrimination by Fowler, when she moved plaintiff to a different area.

On September 8, 2006, the court granted defendant's motion to dismiss on several grounds. (Cause No. 4:05 CV 2109, Docs. 10, 11.) First, the court found that the race and sex discrimination claims were identical to the claims asserted in plaintiff's first federal suit, specifically the January 15, 2002 allegedly discriminatory conduct. The claim, thus, was barred by res judicata. Second, all the claims were time-barred because plaintiff failed to commence the action within 90 days of the June 3, 2005 Notice of Final Action from the second EEOC complaint. Finally, plaintiff's claims of national origin and disability discrimination and retaliation were dismissed because plaintiff failed to present these claims to the EEOC and the court lacked subject matter jurisdiction to hear them.

3. Motion to Dismiss

In the instant case, defendant filed a partial motion to dismiss, arguing that plaintiff's sex and race discrimination claims are barred by (1) the doctrine of res judicata and (2) plaintiff's failure to exhaust her administrative remedies.[1] (Doc. 14.) Plaintiff's only claim not under attack by defendant's motion is the allegation that Karla Rose discriminated and/or retaliated against plaintiff by giving overtime work to white, male employees on August 21, 2004. (Doc. 1 at ¶¶ 34-37, 50-51, 60). This claim against Rose was the only allegation accepted and investigated by the EEOC in plaintiff's third EEOC complaint. (Doc. 16 Ex. Q.)

**III. Discussion**

In reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court considers all facts alleged in the complaint as true, and construes the pleadings in the light most favorable to plaintiff, as the non-moving party. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

---

[1] Defendants initially argued a third basis for partial dismissal of plaintiff's claims, specifically that plaintiff failed to file suit in federal court within the statutorily prescribed 90-day limitations period. 42 U.S.C. § 2000e-16(c). However, at the hearing on the pending motion, defendant withdrew this argument.

A motion to dismiss a complaint should not be granted, unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle her to relief. Id.; Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In their papers in support of and in opposition to defendant's partial motion to dismiss, the parties submitted materials outside the pleadings. Under Rule 12(b)(6), if the court considers extra-pleading materials, the motion to dismiss is considered a motion for summary judgment under Rule 56. The court will consider all of the materials provided by the parties and consider the motion under Rule 56.[2]

**A. Res Judicata**

Res judicata precludes a party from litigating claims that were raised, or could have been raised, in a prior lawsuit if (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and same parties or their privies are involved in both cases. Banks v. Int'l Union Elec., Elec., Technical, Salaried & Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (citation omitted). A claim is barred by res judicata if "it arises out of the same nucleus of operative facts as the prior claim." Id., 390 F.3d at 1052 (quoting Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990)).

Res judicata includes claims and defenses that were litigated in the first action, in addition to matters that *could* have been litigated. Nevada v. United States, 463 U.S. 110, 129-30 (1983). However, claims that did not exist at the time the first action was filed are not precluded. Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001).

Plaintiff commenced two previous judicial actions in this court, on June 17, 2004, and November 10, 2005. Certain allegations made in the instant action were made in one or both of the previous actions; specifically, that Tara Fowler moved her work area on January 12, 2002, based on race. This claim of discrimination is barred, because plaintiff

---

[2]At the hearing, plaintiff's counsel did not object to treating this motion as one for summary judgment under Rule 56.

unsuccessfully sued on it twice before.  The prior judgments were rendered by a court of competent jurisdiction, the causes of action are identical, there were final judgments on the merits, and the parties are the same.  See Lundquist, 238 F.3d at 978.

Res judicata also bars bringing claims that could have been litigated.  Nevada, 463 U.S. at 129-30.  Any further claims plaintiff alleges in her complaint that were known to her at the time she filed either her first, or second, federal lawsuit are also barred.

While plaintiff is correct that claims not existing at the time a previous suit was filed are not barred by res judicata, plaintiff's complaint includes claims of discrimination based on factual allegations that did exist at the time her first and second federal law suits were filed, and even occurred before the January 2002 incident.  Plaintiff alleges that she had been discriminated against since 1998.  She alleges that in 1998, Fowler deleted plaintiff's clock punches.  She alleges that in 2000, Fowler did not allow plaintiff to take a break and forced her to clock out for a lunch break, and plaintiff was subsequently suspended for this incident, and suspended for missing work for other reasons.  Fowler demanded that plaintiff leave work on many occasions, at least one of which occurred in 2000.  (Doc. 1 at 3-4.)[3]  These allegations concerning Fowler "arise[] out of the same nucleus of operative facts" i.e.; that Fowler's conduct towards her was discriminatory.

These allegations thus could have been raised in plaintiff's first or second federal law suit.  Therefore, all allegations relating to incidents of racial or sex discrimination occurring before the previously filed lawsuits are barred by res judicata.[4]  These include all allegations against Fowler; so, therefore, any discrimination claims based on actions

---

[3]The complaint contains various allegations for which plaintiff provides no dates.  However, as noted above, this court may consider matters outside the pleadings in determining this motion.  The record indicates that the following the allegations in paragraphs 15, 20, and 21 of plaintiff's complaint occurred in 2000.  (Doc. 16 Ex. D at 4.)  The allegations in plaintiff's complaint at paragraphs 16, 18, 19, and 23 occurred in 2001.  (Doc. 16 Ex. D, 9, 5.)

[4] Incidents occurring on or prior to the previously filed lawsuits include Paragraphs 13, 14, 15, 16, 18, 19, 20, 21, 22, and 23 in plaintiff's complaint.  (Doc. 1.)

by Fowler are barred by res judicata, and therefore, are subject to dismissal.[5]

B.  **Exhaustion**

Defendant also argues that any of plaintiff's allegations of a "continuing violation" are barred because plaintiff did not raise these claims at the administrative level.

As stated above, before bringing suit under Title VII in federal district court, a federal employee first must exhaust her administrative remedies. To do so, a federal employee must initiate contact with an EEOC counselor within forty-five days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). An employee then must file a formal complaint of discrimination within fifteen days of receiving the notice of right to file a formal complaint. 29 C.F.R. § 1614.105(d), 1614.106(b). This requirement provides the EEOC with the first opportunity to investigate and attempt to resolve the alleged discriminatory practices. Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996).

Administrative remedies are deemed exhausted as to all incidents of discrimination that are "like or reasonably related" to the allegations of the administrative charge. Tart v. Hill Brehan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994). While a subsequent federal lawsuit need not mirror the administrative charges, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charges of discrimination." Duncan, 371 F.3d at 1025 (quoting Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988)). Allegations outside the scope of the

---

[5]Because the complaint does not include dates for all of plaintiff's allegations, it is unclear when the allegations against defendant that pertain to Karla Rose occurred. Her EEOC filing indicate the reduction in work hours occurred on August 21, 2004. (Doc. 16 Ex. Q.) This occurred after her first lawsuit was filed, but not her second lawsuit. However, because her previous lawsuits contain no allegations with respect to Karla Rose, these factual allegations appear to be different issues that have not been litigated on the merits. Banks, 390 F.3d at 1052. (same nucleus of facts). Further, defendant does not move to dismiss this claim.

EEOC charge circumscribe the agency's investigatory and conciliatory role, and further fail to provide the agency notice of the charge. <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 223 (8th Cir. 1994).

Here, the only claim brought by plaintiff and investigated by the EEOC in her third EEOC complaint was the allegation that on August 21, 2004, supervisor Karla Rose discriminated and/or retaliated against her by giving overtime to white, male employees instead of to her. (Doc. 1 at ¶¶ 34-37, 50-51, 60). Plaintiff argues that her allegations describe discrimination of a continuing nature. But plaintiff never contacted an EEOC counselor with respect to her "continuing violation" claim.[6] <u>See Wedow v. City of Kansas City, Missouri</u>, 442 F.3d 661, 674 (8th Cir. 2006) (allegations of continuous discrimination are not limited to one, singular incident on specific day). Plaintiff's EEOC complaint was limited to a single event on a single day, August 21, 2004.

Plaintiff, however, argues that the remaining claims in her complaint are directly related to the claims in her third EEOC complaint. The court disagrees. None of the prior incidents which plaintiff claimed made up this "pattern" were alleged in her third EEOC complaint and were neither in the scope of the investigation nor reasonably related to her complaint. Plaintiff failed to provide notice to defendant of the "continuing violation" claim and, therefore, failed to exhaust her administrative remedies.

The only claim properly before this court is the allegation that defendant discriminated against plaintiff on the bases of sex, race, and retaliation when Karla Rose gave overtime hours to two white, male employees instead of to plaintiff on August 21, 2004. (Doc. 1 at ¶¶ 34-37, 50-51, 60.) Plaintiff's allegations barred by res judicata are: Fowler deleted time clock punches (<u>Id.</u> at ¶ 13); Fowler moved plaintiff's work and disallowed plaintiff a lunch break (<u>Id.</u> at ¶¶ 14, 15); Fowler demanded plaintiff leave the Post Office on several occasions (<u>Id.</u> at ¶¶

---

[6]In plaintiff's complaint, plaintiff alleges "continuing retaliation and discrimination since 1998" (¶ 11) and a "continuing action" (¶ 25). In plaintiff's memorandum in opposition to defendant's partial motion to dismiss, plaintiff argues that a "pattern of discrimination" began in 2001.

16, 19); Fowler yelled derogatory remarks at plaintiff (<u>Id.</u> at ¶ 18); plaintiff was suspended from work as a result of an incident with Fowler (<u>Id.</u> at ¶ 20); plaintiff was suspended without pay (<u>Id.</u> at ¶ 21); and Fowler harassed plaintiff by moving her work to another area (<u>Id.</u> at ¶ 23). Further, plaintiff's allegations that defendant engaged in a "continuing violation" (<u>Id.</u> at ¶¶ 11, 25) is barred by plaintiff's failure to exhaust her administrative remedies. All of the other factual allegations that concern Rose discriminating against her are also barred because plaintiff failed to raise them before the EEOC.

    The motion of defendant for partial dismissal, considered a motion for partial summary judgment, is granted. An order in accordance with this memorandum is filed herewith.


                        /S/ David D. Noce
                      **DAVID D. NOCE**
                      **UNITED STATES MAGISTRATE JUDGE**



Signed on March 22, 2007.